Battle, J.
 

 We concur in the opinion pronounced by his Honor in the Court below, that the testatrix was, notwithstanding
 
 *273
 
 the Acts of 1840, ch. 62, and 1846, ch. 54, capable of making a will to pass her personal estate. Since the Act of 1811, (Rev. Code, ch. 820-1, Rev. Stat. ch. 122, sec. 14,) which declares that
 
 u
 
 no person shall be capable of disposing of chattels by will, until he or she shall have attained the age of eighteen years,” it has not been questioned until now, that a minor who had attained that age, could make a will disposing of his or her personal estate. But it is now insisted that the operation of the Acts of 1840. and 1846 has been to take away from infants, over eighteen and under twenty-one years of age, their testamentary capacity over their personal property. The Act of 1840, ch. 62, declares that
 
 “ no
 
 will-in writing, made after the fourth day of July, one thousand eight hundred and forty-one, whereby personal estate is bequeathed, shall be sufficient to convey or give the same, unless such will be executed with the same formalities as are required in the execution of wills of real estate, according to the provisions of the first section of the said statute,” to wit, the first section of the 122nd chapter of the Revised Statutes. Now it is clear from the express words of this Act, that it extends only to
 
 the formalities
 
 required in the execution of wills of personalty; that is, they must
 
 “
 
 have been written in the testator’s lifetime, and signed By him, or some other person in his.presence and by his direction, and subscribed in his presence by two witnesses at least,” &c.,
 
 *274
 
 according to tire first section of the chapter of the Revised Statutes above réferred to.
 
 Tucker
 
 v. Tucker, 5 Ire. Rep. 161. It cannot he held, by any rales of construction known to us, to affect the
 
 capacity
 
 of the testator or testatrix. The other Act relied upon, to wit, the Act of 1846, ch. 54, declares that “no will in writing, made after the ratification of this Act, which shall not be sufficient to convey or give personal estate, shall be good as to any real estate therein devised.” It is argued for the defendants, that from these words it is manifest that the Legislature intended to put wills of personalty upon the same footing in every respect, with wills of realty ; and that what should he good as to the one kind of property should be equally good as to the other, and
 
 vice versa,
 
 what should be ineffectual as to one should be so also as to the other. Hence they conclude that as wills made by infants, over eighteen but under twenty-one years of age, cannot “ convey or give5 ’ real estate, they shall not be good as to any personal estate therein bequeathed. This argument supposes the Legislature to have taken a very strange mode of expressing their meaning — that is, that they have said one thing,- and intended not only that, but something almost the reverse of it also. They have said that no will, which is insufficient to pass personal estate, shall be sufficient to pass real estate ; but they have not said that no will which cannot convey real estate, shall be insufficient to convey personal estate. To give the Act that effect, would be to wrest words from their'natural and proper meaning to accomplish the ungracious purpose of taking from a certain class of persons their capacity of disposing by will of a portion of their property. Such a construction we deem altogether inadmissible, and we therefore affirm the judgment, and direct it to be certified to the Superior Court, to the end that a writ of
 
 procedendo
 
 may issue to the County Court as the law directs.
 

 Per Curiam. ■ Judgment affirmed.